IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **DARWIN CRAWFORD and** | § | |
| **CHARLOTTE CRAWFORD** | § | |
| | § | |
| **v.** | § | **NO. 9:10-CV-127** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On September 20, 2010, this case was assigned to the Hon. Earl S. Hines, United States magistrate judge, for all pretrial matters. On August 9, 2011, this case was reassigned to the Hon. United States Magistrate Judge Zack Hawthorn. Pending is Defendant Allstate Texas Lloyd's (Allstate) "Motion for Summary Judgment" (Docket No. 37), filed November 30, 2011. The court has considered and received the report (Docket No. 38) of the magistrate judge, who recommends that the court grant the motion for summary judgment and dismiss Plaintiffs Darwin and Charlotte Crawford's (Crawfords) claims with prejudice. No objections to the report and recommendation have been filed. The court's independent review confirms that the magistrate judge's analysis is correct.

A federal court applies Texas law to the enforcement of settlement agreements in Texas diversity cases. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 266 (5th Cir. 1995) (quoting Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 553 (5th Cir. 1992)). Under Texas law, a settlement agreement is unenforceable unless it is in writing, signed, and filed as part of the record or made in open court and entered on the record. Tex. R. Civ. P. 11. An attorney may sign a settlement agreement on behalf of his client. West Beach Marina, Ltd. v. Erdeljac, 94 S.W.3d 248,

255 (Tex. App.–Austin 2002, no pet.) (citing Ebner v. First State Bank, 27 S.W.3d 287, 297 (Tex. App.–Austin 2000, pet. denied)). The client will be bound by the settlement agreement when his attorney is clothed with actual or apparent authority to enter into the agreement. Id. at 256 (citations omitted). An attorney is presumed to have actual authority to enter into a settlement on behalf of his client. City of Roanoke v. Town of Westlake, 111 S.W.3d 617, 629 (Tex. App.–Fort Worth 2003, pet. denied). When a settlement agreement is attached to a pleading as an exhibit, the agreement is considered to be filed for purposes of Rule 11. Southwestern Bell Tel. Co. v. Perez, 904 S.W.2d 817, 822 (Tex. App.–San Antonio 1995, no writ).

The Crawfords and Allstate mediated this case on March 25, 2011. The Crawfords were represented by Catherine Loving, an attorney with the Grady-Schneider law firm, and were available by phone throughout the mediation. At the end of the mediation, the parties reached a settlement agreement. The terms of the settlement agreement required Allstate to pay the Crawfords $25,000 in exchange for the Crawfords' agreement to dismiss this case. Subsequently, the Crawfords attempted to avoid the settlement agreement by hiring a new attorney, Richard Burroughs, and arguing that Ms. Loving lacked the authority to enter into the settlement agreement. Allstate responded by filing a "Second Amended Answer" (Docket No. 32, Ex. 1), in which they asserted a counterclaim to enforce the settlement agreement.

On November 30, 2011, Allstate filed the pending summary judgment motion, arguing that there is no genuine dispute regarding its counterclaim. The settlement agreement is attached to the summary judgment motion. (Def.'s Mot. Summ. J., Ex 2, Docket No. 37.) Therefore, the Court considers the agreement to be filed for purposes of Rule 11. See Perez, 904 S.W.2d at 822. The settlement agreement contains the signature of Ms. Loving, who warranted that she was authorized

to bind the Crawfords. (Id. at Ex. 2 3,6.) Accordingly, the Court presumes that Ms. Loving had authority to enter into the settlement agreement. See City of Roanoke, 111 S.W.3d at 629; Erdeljac, 94 S.W.3d at 255.

On December 20, 2011, the magistrate judge entered his report, recommending that the Court grant Allstate's summary judgment motion and dismiss the Crawfords' claims with prejudice. Two weeks later, on January 3, 2012, the Crawfords filed an untimely response (Docket No. 39) to Allstate's summary judgment motion. The response was filed seventeen days after it was due, and it was not accompanied by a motion for leave to file. Mr. Burroughs has consistently filed untimely responses to Allstate's motions since he first appeared in this matter on May 6, 2011. (See Docket Nos. 26, 32, 39.) On January 5, 2012, the magistrate judge entered an order (Docket No. 40) striking the response as untimely. The magistrate judge did not construe the response as an objection to the report and recommendation because the pleading made no reference whatsoever to the report and recommendation. Nonetheless, in the order, the magistrate judge reminded Mr. Burroughs that there was a fourteen-day deadline to file objections to the report and recommendation.

Despite this reminder, the Crawfords did not file objections to the report and recommendation. Moreover, the Crawfords did not seek leave of court to refile their response to Allstate's summary judgment motion. The Crawfords have offered no evidence to rebut the presumption that Ms. Loving was authorized to enter into the March 25, 2011 settlement agreement on their behalf. See Town of Westlake, 111 S.W.3d at 629-30. On the other hand, Allstate has demonstrated that the settlement agreement is enforceable because it is in writing, signed, and filed as part of the record. See Tex. R. Civ. P. 11. Accordingly, there is no genuine dispute regarding Allstate's counterclaim, which seeks to enforce the settlement agreement. See Fed. R. Civ. P. 56(a);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

It is **ORDERED** that Allstate's "Motion for Summary Judgment" (Docket No. 37) is **GRANTED**, the magistrate judge's report (Docket No. 38) is **ADOPTED**, and the Crawfords' claims are **DISMISSED with prejudice**.

So **ORDERED** and **SIGNED** this **23** day of **January, 2012.**

_____
Ron Clark, United States District Judge